UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

WILFRED C. MCCLOUD III,

    Plaintiff,

v.

HILTON GRAND VACATIONS CLUB, LLC
a/k/a HILTON GRAND VACATIONS
SUITES SOUTH BEACH

    Defendant,
_____/

## COMPLAINT

The Plaintiff WILFRED C. MCCLOUD III, by and through undersigned counsel, hereby sues Defendant HILTON GRAND VACATIONS CLUB, LLC, a/k/a HILTON GRAND VACATIONS SUITES SOUTH BEACH on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff WILFRED C. MCCLOUD III, under 42 U.S.C. §1981 (Civil Rights Act of 1866), to redress the injury done to him by the Defendant's discriminatory treatment and Retaliation based on his Race and Color (Black).

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended,

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the unlawful alleged employment practices, were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

## PARTIES

6. Plaintiff WILFRED C. MCCLOUD III is a resident of Miami-Dade County, who was employed by Defendant HILTON RESORT CORPORATION a/k/a HILTON GRAND VACATIONS SUITES SOUTH BEACH and is a member of certain protected classes of persons because of his Race and Color (Black).

7. Corporate Defendant HILTON RESORT CORPORATION a/k/a HILTON GRAND VACATIONS SUITES SOUTH BEACH (hereinafter HILTON GRAND VACATIONS SOUTH BEACH, or "Defendant"), is a profit corporation authorized to conduct business in the State of Florida, and within the jurisdiction of this Court.

8. At all times relevant to this complaint, Plaintiff WILFRED C. MCCLOUD III was employed by HILTON GRAND VACATIONS SOUTH BEACH, and the parties had a contractual relationship with each other.

## STATEMENT OF FACTS

9. Plaintiff WILFRED C. MCCLOUD III is a 34 years old Black male, he is a resident of Miami-Dade County, who was employed by Defendant HILTON GRAND VACATIONS SOUTH BEACH. The Plaintiff is a member of certain protected classes of persons because of his Race and Color (Black).

10. Defendant HILTON GRAND VACATIONS SOUTH BEACH is a business that provides hospitality services to travelers and tourists.

11. Defendant HILTON GRAND VACATIONS SOUTH BEACH employed Plaintiff WILFRED C. MCCLOUD III as a housekeeper and houseman from October 27, 2017, to March 29, 2019, or one year plus 5 months (74 weeks).

12. The Plaintiff worked at the Defendant's business, located at 1430 Ocean Drive, Miami Beach, 33139. The Plaintiff was a full-time hourly employee, earning approximately $11.86 an hour, or $474.40 weekly.

13. Throughout his employment with the Defendant, the Plaintiff performed his duties in an exemplary fashion. The Plaintiff possessed all the required skills, training and qualifications for the job in question, and performed his duties without significant issue or controversy.

14. However, during the time Plaintiff was employed by the Defendant, Plaintiff was subjected to unlawful acts of discrimination, such as harassment, hostile working environment, and was further subjected to different terms and conditions of employment, and finally, he was subjected to a discriminatory discharge because of his Race and Color.

15. Since the beginning of his employment with the Defendant, the Plaintiff suffered discriminatory treatment based on his Race and Color.

16. The Plaintiff noticed immediately that Hispanic co-workers received better treatment than the one applied to him and his Black co-workers.

17. During his employment with Defendant, The Plaintiff suffered a disrespectful and abusive treatment at the hands of Maintenance Manager Luis LNU, (Hispanic) and other supervisors.

18. The Plaintiff was subjected to highly offensive, derogatory and discriminatory remarks and comments in reference to his Race and Color.

19. Supervisors subjected Plaintiff to excessive job scrutiny and surveillance and he was admonished for any reason. The Plaintiff was blamed for anything that went wrong, he was told many times that the Plaintiff and other Black workers did everything wrong.

20. Supervisors were openly hostile towards Plaintiff, and they assigned him the most difficult work. Every time that supervisors talked to Plaintiff over the radio, they very were rude and yelled at him.

21. The Defendant did not give Plaintiff and other Black co-workers access to the housekeeping room because Plaintiff as a Black co-worker, was racially profiled as thieves. However, Supervisors gave wristbands with access control to any Hispanic housekeeper, even to newly hired housekeepers.

22. The Plaintiff observed how the Defendant allowed illegal and racially motivated discriminatory employment practices, such as allowing Hispanic employees to

write in Spanish while Black Haitian workers were not allowed to write or complete self-evaluations in Creole.

23. The Defendant accused Black housekeepers of stealing from the guest rooms discarded soap, that was supposed to be recollected and recycled after each client leaves the hotel.

24. Plaintiff suffered also a discriminatory treatment from his Hispanic coworkers, who harassed Plaintiff and other Black Haitian co-workers base on their Race and Color. This wrongful conduct was tolerated by supervisors.

25. These co-workers rejected Plaintiff because of his Race and Color. The Plaintiff felt isolated because his Hispanics co-workers did not like him, and they made it clear through their disrespectful behavior.

26. The Plaintiff's supervisors allowed discrimination and harassment and promoted an unfriendly interaction and relationship between co-workers and the Plaintiff.

27. The frequent, severe, and offensive conduct of the Hispanic Supervisors and co-workers created a hostile work environment in violation of 42 U.S.C. §1981.

28. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated and intimidated in his place of work. The Plaintiff knew that his superiors did not like him because he was Black, and they were looking for excuses to fire him.

29. On or about September 2018, the Plaintiff complained to GM Eva Borsos about discrimination and harassment based on Race and Color. The Plaintiff complained specifically about the discriminatory harassment of the Hispanic Maintenance Manager Luis LNU. The Defendant did not open an investigation, they did not sanction anybody, and the Plaintiff's complains were ignored.

30. After Plaintiff's complaint, nothing changed. On the contrary, the Plaintiff began to suffer retaliatory increased harassment. Enduring a discriminatory treatment became a condition for continued employment with Defendant.

31. On or about March 21, 2019 Plaintiff was unfairly suspended. The Plaintiff was having lunch with some co-workers and they were looking at the CNN news reporter talking about President Trump and politics, which originated a friendly conversation, the Plaintiff made some comments about his vote intentions, expressed and some opinions, and talked about Black American History. The Plaintiff commented on how Blacks American communities were burned and others bombed. Orlando, a Hispanic worker was present in the lunchroom.

32. The same day, Mrs. Eva Borsos suspended Plaintiff, he had been accused of making threats of violence against White People. The Hispanic worker made false accusations against the Plaintiff, who denied having proffered any threats.

33. The Plaintiff e-mailed Mrs. Eva Borsos his written explanation, he detailed the subject of the conversation held in the lunchroom with his co-workers. The Plaintiff explained Mrs. Borso that it was just a casual conversation in which he mentioned an episode of Black American History.

34. On or about March 27, 201. Human Resources representative Dennis LNU interviewed Plaintiff, who emphatically denied the accusations again.. On that day, the Plaintiff complained to the HR representative about the discrimination and harassment based on his Race and Color that he was suffering.

35. Nevertheless, on or about March 29, 2019, Assistant Manager Andres LNU contacted Plaintiff by telephone and told Plaintiff just that he was fired "because of the situation".

36. On or about March 29, 2019, the Plaintiff was pre-textually discharged by the Defendant and his human and civil rights were violated. The Plaintiff's discharge was directly and proximately caused by Defendant's unjustified discrimination and harassment because of Plaintiff's Race and Color, in violation of both Federal and State Laws.

37. After his termination, Plaintiff applied with the Florida Department of Economic opportunities for unemployment benefits. During the hearing, it was determined that Plaintiff was discharged for reasons not connected with misconduct at his workplace, and he was granted unemployment benefits. The Defendant appealed the determination but later it withdrew its appeal.

38. Defendant HILTON GRAND VACATIONS SOUTH BEACH is subjected to vicarious liability for the actions of its management because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which the Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, was occurring.

### COUNT I:
### VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981, DISCRIMINATION BASED ON RACE AND COLOR

39. Plaintiff WILFRED C. MCCLOUD III re-adopts every factual allegation as stated in paragraphs 1-38 above as if set out in full herein.

40. This is an action against HILTON GRAND VACATIONS SOUTH BEACH for unlawful discrimination pursuant to 42 U.S.C., Section 1981.

41. At all times material hereto Defendant HILTON GRAND VACATIONS SOUTH BEACH was an "employer" within the meaning of Section 42 U.S.C. §1981.

42. At all times material hereto, Plaintiff WILFRED C. MCCLOUD III was an "employee" and had a contractual relationship with the Defendant within the meaning of 42 U.S.C. §1981.

43. Plaintiff WILFRED C. MCCLOUD III, had at all times material, and continue to have, a federally protected constitutional right to make and enforce contracts, to sue, to be parties, to give evidence and to be free from racially-based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all benefits, privileges terms and conditions of the contractual relationship of his employment at HILTON GRAND VACATIONS SOUTH BEACH.

44. The Defendant has intentionally engaged in unlawful employment practices and discrimination, in violation of 42 U.S.C. § 1981, by treating the Plaintiff differently from similarly situated employees because of his Race and Color.

45. The Defendant subjected Plaintiff WILFRED C. MCCLOUD III to different adverse employment actions including but not limited to the following acts and omissions: harassment, hostile working environment, and wrongful termination.

46. The effects of the practices referenced above have been to deprive the Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee, because of his Race and Color.

47. As a direct and proximate result of the intentional violations by Defendant of the

Plaintiff's rights under 42 U.S.C. § 1981, by treating him differently from similarly situated employees, and subjecting him to racial harassment because of his Race and Color, Plaintiff has suffered damages. His damages include back pay, front pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

48. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

49. The actions of the Defendant HILTON GRAND VACATIONS SOUTH BEACH and/or agents were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant HILTON GRAND VACATIONS SOUTH BEACH for its actions and to deter it, and others, from such actions in the future.

50. Plaintiff WILFRED C. MCCLOUD III has retained the undersigned counsel to prosecute his claims and he is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff WILFRED C. MCCLOUD III respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff WILFRED C. MCCLOUD III and against the Defendant HILTON GRAND VACATIONS SOUTH BEACH based on the Defendant's willful violations of 42 U.S.C. §1981; and

    B.  Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

    C.  Award Plaintiff as to this count prejudgment interest; and

    D.  Award Plaintiff damages for the costs of litigation and filing including attorney's fees; and

    E.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

## JURY TRIAL DEMAND

Plaintiff WILFRED C. MCCLOUD III demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## RETALIATION, IN VIOLATION OF THE CIVIL RIGHTS OF 1866, 42 U.S.C., SECTION 1981

51. The Plaintiff WILFRED C. MCCLOUD III re-adopts every factual allegation as stated in paragraphs 1-38 of this complaint as if set out in full herein.

52. The Plaintiff WILFRED C. MCCLOUD III and Defendant HILTON GRAND VACATIONS SOUTH BEACH had a contractual relationship.

53. The Defendant HILTON GRAND VACATIONS SOUTH BEACH precluded Plaintiff from performing the stated contractual relationship when Defendant terminated Plaintiff.

54. The Defendant terminated Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on Race and Color, as more particularly described above.

55. The Plaintiff was unable to enjoy all the benefits, privileges, terms and conditions of their contractual relationship.

56. The actions of the Defendant HILTON GRAND VACATIONS SOUTH BEACH and/or agents were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant HILTON GRAND VACATIONS SOUTH BEACH for its actions and to deter it, and others, from such actions in the future.

57. The Plaintiff has retained the undersigned counsel to prosecute his claims and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff WILFRED C. MCCLOUD III respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendant HILTON GRAND VACATIONS SOUTH BEACH based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

## JURY TRIAL DEMAND

Plaintiff WILFRED C. MCCLOUD III demands trial by a jury of all issues triable as of right by a jury.

Dated: November 7, 2019

>Respectfully submitted,
>
>By: __/s/ **Zandro E. Palma**___
>ZANDRO E. PALMA, P.A.
>Florida Bar No.: 0024031
>9100 S. Dadeland Blvd.
>Suite 1500, Miami, FL 33156
>Telephone: (305) 446-1500
>Facsimile:  (305) 446-1502
>E-mail: zep@thepalmalawgroup.com
>*Attorney for Plaintiff*